GENOVA & MALIN, LLP  **DATE: SEPTEMBER 22, 2020**
Attorneys for the Debtor  **TIME: 9:20 A.M.**
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin, Esq.
Michelle Trier, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

                                                             **CHAPTER 13**

WILLIE PATTERSON, JR.,                      **CASE NO. 17-35954(CGM)**

                    Debtor.
--------------------------------------------------------X

**FINAL FEE APPLICATION OF GENOVA & MALIN, LLP AS COUNSEL FOR THE DEBTOR FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF <u>EXPENSES FROM JANUARY 15, 2020 THROUGH AUGUST 6, 2020</u>**

| | |
|---|---|
| Name of applicant: | GENOVA & MALIN, LLP |
| Authorized to provide professional services to: | Debtor |
| Date of Retention: | May 31, 2017 |
| **Final Fee Application Period** for which compensation and reimbursement is sought: | January 15, 2020 through August 6, 2020 |
| Amount of Compensation sought as actual, reasonable and necessary for the **Final Fee Application Period:** | $4,491.72 |

This is an : _____ interim \_\_\_\_X_____ final application

This is the third and final fee application filed by GENOVA & MALIN, LLP with respect to the debtor for the time period specified herein.

GENOVA & MALIN, LLP
Attorneys for the Debtor
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin, Esq .
Michelle Trier, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:
                                                         CHAPTER 13

WILLIE PATTERSON, JR.,                   CASE NO. 17-35954(CGM)

                             Debtor.
----------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR DEBTOR UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF U.S. BANKRUPTCY JUDGE:**

The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, LLP respectfully represents:

<u>**GENERAL BACKGROUND**</u>

1. On May 31, 2017, WILLIE PATTERSON, JR., (the "debtor"), filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

2. Your applicant, on behalf of the debtor, has been responsible for guiding the debtors' estate through Chapter 13 of the Bankruptcy Code.

3. At the time of the filing, the debtor owned his residence (the "Residence").

4. Since the date of the filing, the Chapter 13 Trustee has filed THREE (3) Motions to Dismiss. To date, the third Motion to Dismiss is pending before this Court.

5. The debtor sought to file the petition in an effort to reorganize his financial

situation.

## APPLICATION FOR FEES

6. This application is made by GENOVA & MALIN, LLP for an allowance of additional compensation for professional services rendered to and on behalf of the debtor from January 15, 2020 through August 6, 2020.

7. Your applicant has acted as legal counsel to the debtor and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN, LLP regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN, LLP'S business, concurrently with the rendition of such services and the incurring of such costs and expenses. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as Exhibit "A". A copy of the Retainer Agreement is annexed hereto and made a part hereof as Exhibit "B". A summary of the time records and disbursements sheet is annexed hereto and made a part hereof as Exhibit "C". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtors are set forth in the following summary.

## ALLOWANCE OF COMPENSATION

8. The allowance of compensation to estate professionals is governed by Section 330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable compensation for actual, necessary services rendered." Section 330(a)(3) provides guidance for determining whether compensation is reasonable, pointing out that courts should:

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on such services; (B) the rate charged for such services; © whether the services were necessary to the administration of, or

> beneficial at the time which the service was rendered toward the completion of a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. <u>In re Drexel Burnham Lambert Group, Inc.</u>, 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."). GENOVA & MALIN, LLP respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought.

## **SUMMARY OF PROFESSIONAL SERVICES RENDERED**

### **THIRD MOTION TO DISMISS CASE** (5.6 hours; $2,145.00)

9. As the debtor defaulted on his payments to the Chapter 13 Trustee, a Motion to Dismiss her case was filed on January 15, 2020.

10. In order to defend the debtor with regard to the Motion, it has been necessary to have and continue to have meetings with the debtor and the Chapter 13 Trustee, appear at Court Conferences and review the debtor's financial records and compare same to the Chapter 13 Trustee's Debtor's Master Report.

11. To date, the Motion remains unresolved.

**SECOND FEE APPLICATION FOR GENOVA & MALIN, LLP** (1.6 hours; $570.00)

12. The times spent on the Fee Application includes, without limitation: time spent on preparation for the Fee Application , hearings, preparation, submission and service of Fee Order.

13. The services rendered by GENOVA & MALIN, LLP during the Fee Application period of May 3, 2018 through December 26, 2019 can be grouped into the following categories; Motion to Dismiss and Motion for Relief from Stay.

**THIRD MOTION FOR RELIEF FROM STAY**
**Carrington Mortgage Services** (2.1 hours; $795.00)

14. On June 24, 2020, Carrington Mortgage Services filed a Motion for Relief from Stay regarding the debtor's residence.

15. In order to prepare to defend the Motion and determine debtor's options regarding same, this firm was required to have conferences with the debtor and the creditor, review the filed motion, and review the debtor's finances.

16. To date, the Motion remains unresolved.

**THIRD FEE APPLICATION** (2.8 hours; $935.00)

17. The times spent on the Fee Application includes, without limitation: time spent (i) reviewing monthly billing reports; (ii) preparing monthly fee statements; (iii) preparing the Fee Application; (iv) copying the Fee Application; (v) serving the Fee Application and (vi) filing the Fee Application on the Court's ECF System.

18. The services rendered by GENOVA & MALIN, LLP during the Final Fee

Application Period can be grouped into the following categories:

| Service Category | Hours | Fees |
|---|---|---|
| Third 1307 Motion | 5.6 | $ 2,145.00 |
| Second Fee Application | 1.6 | $ 570.00 |
| Third Motion for Relief from Stay | 2.1 | $ 795.00 |
| Fee Application | 2.8 | $ 935.00 |
| **TOTAL** | 12.1 | **$ 4,445.00** |

19. Accordingly, your applicant has expended a has expended 8.1 hours of partner time and 4.0 hours of paralegal time from January 15, 2020 through August 6, 2020 in the rendition of its services to the debtor. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

**ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of twenty-nine (29) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

**MICHELLE L. TRIER:** Ms. Trier has been practicing law for ten (10) years. She is a member of the New York State Bar Association, Dutchess County Bar Association, the Mid-Hudson Women's Bar Association, and the Hudson Valley Bankruptcy Bar Association

(current President).

| Attorney | Position of Applicant | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Malin, Andrea | Partner | 1991 | $450.00 | 8.1 | $3,645.00 |
| Total | | | | 8.1 | $3,645.00 |
| Blended Rate | | | | **$450.00** | |

| Paraprofessional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Pacifico, Leah | Legal Assistant | $200.00 | 3.4 | $ 680.00 |
| Conti, Janine | Legal Assistant | $200.00 | .6 | $ 120.00 |
| Totals for paraprofessionals | | | 4.0 | $ 800.00 |
| TOTAL | | | 12.1 | $4,445.00 |
| Total Blended Rate | | | **$367.00** | |

20.     Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtor in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken

into consideration in computing the award of final compensation.

21. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

22. Your applicant's standard time charge for the period from January 15, 2020 to date is FOUR HUNDRED FIFTY DOLLARS ($450.00) per hour for partner time and TWO HUNDRED DOLLARS ($200.00) per hour for paralegal time.

## EXPENSES

23. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN, LLP in connection with the rendition of professional services as aforesaid, as follows:

| Expense Category | Amount |
|---|---|
| Copy Costs     (223 @ .10) | $22.30 |
| Postage | $24.42 |
| **TOTAL** | **$46.72** |

## COMPLIANCE WITH GUIDELINES

24. GENOVA & MALIN, LLP believes that this Application substantially complies with the Guidelines. To the extent there has not been material compliance with any particular rule or guideline, GENOVA & MALIN, LLP respectfully requests a waiver or opportunity to cure.

25. No previous allowance has been made to your applicant for the services rendered as herein set forth. A previous application was filed with this Court for compensation

on January 3, 2018 for the period of June 9, 2017 through January 3, 2018, and a second application was filed with this Court for compensation on December 26, 2019 for the period of May 30, 2019 through December 26, 2019.  Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter.  No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of FOUR THOUSAND FOUR HUNDRED AND FORTY FIVE DOLLARS ($4,445.00) and costs and expenses in the sum of FORTY SIX DOLLARS AND SEVENTY TWO CENTS ($46.72); all totaling a sum of FOUR THOUSAND FOUR HUNDRED NINETY ONE DOLLARS AND SEVENTY TWO CENTS ($4,491.72); and that the Court grant such other and further relief as to it seems appropriate.

Dated: Wappingers Falls, New York
August 6, 2020

        GENOVA & MALIN, LLP
        Attorneys for Debtor

By:   /s/ Andrea B. Malin
      ANDREA B. MALIN (AM4424)
      1136 Route 9
      Wappingers Falls NY 12590
      (845) 298-1600